UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

MICHELLE D.,[1]

                                                 Plaintiff,            Case # 22-CV-6538-FPG

v.                                                                     DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                 Defendant.
───────────────────────────────────────

## INTRODUCTION

Plaintiff Michelle D. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. § 405(g).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 11. For the reasons that follow, the Commissioner's motion is GRANTED, and Plaintiff's motion is DENIED.

## BACKGROUND

In December 2020, Plaintiff applied for DIB with the Social Security Administration ("the SSA"). Tr.[2] 75. She alleged disability since April 2017. *Id.* In February 2022, Administrative Law Judge Lisa Groeneveld-Meijer ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 15-28. In October 2022, the Appeals Council denied Plaintiff's

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 8.

1

request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments,

the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 404.1520(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18. At step two, the ALJ found that Plaintiff has severe impairments of

cervical/lumbar degenerative changes, lumbar spinal stenosis, cervical disc protusion at C4-5, shoulder disorder, myofascial pain, and obesity. *Id.* At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any Listings impairment. Tr. 20.

Next, the ALJ determined that Plaintiff retained the RFC to perform a reduced range of sedentary work. Tr. 21-22. At step four, the ALJ found that Plaintiff could not perform any past relevant work. Tr. 26. At step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 27-28. Accordingly, the ALJ concluded that Plaintiff is not disabled. Tr. 28.

## II. Analysis

Plaintiff argues that remand is warranted on three grounds. The Court analyzes each ground in turn.

### a. Depression

At step two, the ALJ concluded that Plaintiff's alleged depression did not constitute a medically determinable impairment. Tr. 18-20. The ALJ cited the absence of supporting medical evidence or opinion, the lack of treatment history, and the omission of depressive symptoms from Plaintiff's application and hearing testimony. Tr. 18-19. The ALJ acknowledged that consultative examiner Adam Brownfeld, Ph.D., diagnosed Plaintiff with "unspecified depressive disorder," but the ALJ believed that this diagnosis was "based . . . on [Plaintiff's] subjective reports rather than [Dr. Brownfeld's] objective medical findings." Tr. 19. Plaintiff challenges the ALJ's rationale.

First, she argues that the ALJ erroneously rejected Dr. Brownfeld's opinion on the ground that it was "based on Plaintiff's subjective complaints." ECF No. 9-1 at 14. The Court disagrees.

4

At step two, an ALJ must determine whether the claimant has a "medically determinable physical or mental impairment." 20 C.F.R. § 404.1521. Importantly, neither a claimant's reported symptoms, nor a diagnosis, nor even a medical opinion, is sufficient to "establish the existence of an impairment[]." *Id.* Instead, the "physical or mental impairment must be established by objective medical evidence from an acceptable medical source." *Id.* Objective medical evidence consists of laboratory findings and signs. *Id.* § 404.1502(f). "Laboratory findings means one or more anatomical, physiological, or psychological phenomena that can be shown by the use of medically acceptable laboratory diagnostic techniques," which may include "psychological tests." *Id.* § 404.1502(c). "Psychiatric signs are medically demonstrable phenomena that indicate specific psychological abnormalities, e.g., abnormalities of behavior, mood, thought, memory, orientation, development, or perception, and must also be shown by observable facts that can be medically described and evaluated." *Id.* § 404.1502(g). Plaintiff bears the burden of establishing that she has a medically determinable impairment. *Lorraine Michele H. v. Comm'r of Soc. Sec.*, No. 21-CV-13, 2022 WL 7285345, at *4 (N.D.N.Y. Sept. 13, 2022).

Consistent with the regulations, the ALJ could not find Plaintiff's depression medically determinable solely based on her reported symptoms or Dr. Brownfeld's diagnosis. Objective medical evidence was necessary. And in this case, it was lacking. As the ALJ noted, *see* Tr. 19, Dr. Brownfeld's report does not identify any basis, beyond Plaintiff's subjective complaints, for his diagnosis: Plaintiff reported no psychiatric history, Tr. 1288; Plaintiff's mental status examination was entirely normal, Tr. 1289-90; and she reported having a good social and family life and identified no functional difficulties arising from depression, Tr. 1290.

The ALJ reasonably observed a disconnect between the objective findings and Dr. Brownfeld's diagnosis. And the ALJ reasonably inferred from that disconnect that Dr. Brownfeld's diagnosis simply parroted Plaintiff's subjective complaints.

To be sure, Plaintiff is correct that "a patient's report of complaints, or history, is an essential diagnostic tool," *Green-Younger v. Barnhart*, 335 F.3d 99, 107 (2d Cir. 2003), especially in the mental-health context. *Stasiak v. Berryhill*, No. 17-CV-437, 2018 WL 5993732, at *3 (W.D.N.Y. Nov. 15, 2018) ("[I]t is often the case that psychological professionals are required to rely primarily on the statements of patients in forming their diagnoses and opinions."). Therefore, the mere fact that a medical source relies upon a claimant's "subjective reports relating to [her] symptoms does not, by itself, warrant the rejection of the opinion." *Id.* But a distinction must be drawn between a mental-health professional's reasoned medical judgment regarding a claimant's condition, which may rely in part or in whole on the claimant's subjective complaints, and a mere recitation of those complaints in a treatment note or other document. An ALJ may reasonably reject the latter because it is not, in fact, a medical opinion. *See, e.g.*, *Polynice v. Colvin*, 576 F. App'x 28, 31 (2d Cir. 2014) (summary order) (ALJ reasonably rejected treating physician's "medical opinion," because "[m]uch of what [the claimant] labels 'medical opinion' [is] no more than a doctor's recording of [the claimant's] own reports of pain"); *Morris v. Barnhart*, 78 F. App'x 820, 824 (3d Cir. 2003) (summary order) ("[T]he mere memorialization of a claimant's subjective statements in a medical report does not elevate those statements to a medical opinion."); *Samantha R. v. Comm'r of Soc. Sec.*, No. 20-CV-440, 2021 WL 2820987, at *6 (W.D.N.Y. July 7, 2021) (doctor's notations that "merely documented plaintiff's subjective complaints at each visit" did not "constitute a medical opinion requiring an opinion analysis by the ALJ").

In the same vein, while a claimant's subjective complaints may be considered as part of valid psychological testing and diagnosis, those complaints do not transform into objective medical evidence simply because they are recited by a medical provider. Because Dr. Brownfeld's diagnosis and medical source statement could reasonably be construed as "mere memorialization[s]" of Plaintiff's subjective complaints, *Morris*, 78 F. App'x at 824, rather than reasoned medical judgments based on medically acceptable clinical or laboratory diagnostic techniques, 20 C.F.R. § 404.1502(c), (g), the ALJ reasonably rejected Dr. Brownfeld's opinion.[3]

Second, Plaintiff cites other treatment notes that allegedly support her position that her depression is a medically determinable impairment. *See* ECF No. 9-1 at 16-17. Plaintiff fails to explain how those treatment notes—which simply relay Plaintiff's subjective complaints—constitute objective medical evidence. *See* 20 C.F.R. § 404.1521. She also fails to articulate how the existence of some supportive evidence undermines the ALJ's contrary conclusion. "[U]nder the substantial evidence standard of review, it is not enough for [P]laintiff to merely disagree with the ALJ's weighing of the evidence or to argue that evidence in the record could support [her] position." *Gonzalez-Cruz v. Comm'r of Social Sec.*, 294 F. Supp. 3d 164, 187 (W.D.N.Y. 2018). A claimant cannot obtain remand merely by citing "evidence that arguably supports more restrictive limitation"; she must "articulate how the ALJ's [contrary] finding . . . was erroneous." *Piotrowski v. Comm'r of Soc. Sec.*, No. 18-CV-6075, 2019 WL 2266797, at *6 (W.D.N.Y. May 28, 2019) (emphasis added).

---

[3] The ALJ declined to rely on the opinion of state agency consultant O. Fassler, Ph.D., for similar reasons. *See* Tr. 19-20, 79-80. As with Dr. Brownfeld, and contrary to Plaintiff's argument, the ALJ reasonably rejected Dr. Fassler's view that that Plaintiff's depression was medically determinable. *See* ECF No. 9-1 at 16.

Accordingly, Plaintiff's challenges to the ALJ's step-two analysis do not warrant remand.[4]

### b. Dr. Toor's Opinion

For purposes of the RFC, the ALJ concluded that Plaintiff could perform sedentary work with additional limitations. Tr. 21-22. In connection with her analysis, the ALJ found the opinion of consultative examiner Harbinder Toor, M.D., unpersuasive in several respects. *See* Tr. 26. Plaintiff argues that, in three respects, the ALJ did not properly evaluate Dr. Toor's opinion. ECF No. 9-1 at 21-27. The Court disagrees.

First, Plaintiff appears to contend that, as a matter of law, Dr. Toor's opinion should have been given more weight than those opinions rendered by non-examining state-agency consultants. *See id.* at 23-24. This is incorrect. An ALJ is not precluded from "afford[ing] a non-examining source more weight than an examining one," so long as the ALJ has valid reasons for doing so. *Angela H.-M. v. Comm'r of Soc. Sec.*, 631 F. Supp. 3d 1, 9 (W.D.N.Y. 2022).

Second, Plaintiff accuses the ALJ of cherry-picking Dr. Toor's examination findings to reach the conclusion that those findings did not support with his ultimate opinions. ECF No. 9-1 at 24-25. Plaintiff's accusation is not borne out by the ALJ's written decision. To the contrary, the ALJ found Dr. Toor's opinion "somewhat persuasive" and specifically noted Dr. Toor's "thorough physical examination and [] objective findings." Tr. 26. But the ALJ observed that "*some* of [Dr. Toor's] objective medical findings" did not support Dr. Toor's marked restrictions. *See* Tr. 26 (emphasis added). This statement is accurate and does not suggest that the ALJ outright "ignored the exam findings supportive of greater limitations." ECF No. 9-1 at 25. Under the relevant regulations, the ALJ was entitled to find Dr. Toor's opinion less persuasive in

---

[4] Plaintiff also argues that the ALJ could not rely on her normal mental-status examination or her minimal treatment history to conclude that her depression was not medically determinable. *See* ECF No. 9-1 at 13-14. These are, in fact, permissible considerations, and the legal authority that Plaintiff cites does not prove otherwise.

8

light of the mixed results of the examination. *See* 20 C.F.R. § 404.1520c(c)(1) ("The more relevant the objective medical evidence . . . presented by a medical source [is] to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."). And because the ALJ was not required to "explicitly discuss every piece of evidence in the record in [her] decision," *Natal v. Kijakazi*, No. 20-CV-7452, 2023 WL 6237095, at *10 (S.D.N.Y. Sept. 26, 2023), the mere omission of more supportive findings is not a basis for remand.

Third, Plaintiff argues that the ALJ improperly rejected Dr. Toor's opinion for relying on "vague" terms, like "moderate" and "marked," rather than recontacting him for clarification. Tr. 26; *see* ECF No. 9-1 at 22-23. However, Plaintiff cannot show harmful error because the ALJ provided other good reasons for rejecting Dr. Toor's opinion—namely, its relative lack of support from the examination findings and its inconsistency with the other record evidence. *See* Tr. 26; *see also Tasha S. v. Comm'r of Soc. Sec.*, No. 20-CV-421, 2021 WL 3367588, at *7 n.5 (W.D.N.Y. Aug. 3, 2021); 20 C.F.R. § 404.1520c(c)(1), (2).

### c. Sit/Stand Option

In the RFC, the ALJ included the following restriction: "[Plaintiff] needs the option to stand at least one or two times per hour for about two to three minutes, or any combination, but for no more than six minutes total per hour." Tr. 22. Plaintiff asserts that the ALJ crafted this sit/stand option arbitrarily and without sufficient explanation. ECF No. 9-1 at 27-29. The Court is not persuaded that this argument justifies remand.

Specific limitations included in an RFC, like the RFC as a whole, "must be based on evidence in the record, not on an ALJ's own surmise." *Wouters v. Comm'r of Soc. Sec.*, No. 19-CV-610, 2020 WL 2213896, at *2 (W.D.N.Y. May 7, 2020). Thus, where an ALJ includes a

highly specific durational limitation, he must have an evidentiary basis for the chosen duration. A medical opinion, a claimant's testimony, or information contained in the medical records can oftentimes be sufficient to support a given duration.  Furthermore, an ALJ is not limited to adopting only those durational limitations explicitly identified in the record: he is free to partially credit, or otherwise make reasonable inferences from, the evidence to determine a claimant's functional capacities and limitations. *Heckman v. Comm'r of Soc. Sec.*, No. 18-CV-6032, 2019 WL 1492868, at *4 (W.D.N.Y. Apr. 4, 2019) ("[W]hen the record contains at least some evidence of a specific limitation, the ALJ may appropriately reach a specific RFC incorporating that limitation."); *see, e.g.*, *Johnson v. Colvin*, 669 F. App'x 44, 47 (2d Cir. 2016) (summary order) (evidence supported the ALJ's finding that claimant could perform light work at "no more than 10% slower than average [pace]," notwithstanding that no evidence identified a "particular percentage range"); *Barone v. Comm'r of Soc. Sec.*, No. 19-CV-482, 2020 WL 3989350, at *5 (W.D.N.Y. July 15, 2020) (collecting cases); *cf. Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (summary order) (noting that an ALJ's conclusions need not "perfectly correspond with any of the [medical] opinions").  Unless "a reasonable factfinder would *have to conclude otherwise*," the district court must defer to the ALJ's factfinding. *Bonet v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order).

At the hearing, Plaintiff testified that she could sit for approximately an hour before needing to change positions. Tr. 45, 51.  To account for this testimony, the ALJ crafted a limitation to give Plaintiff an option to "stand and stretch one or two times an hour." Tr. 66. This option could also be off-task time, which would allow Plaintiff to, as she testified, "walk it off" if she was in pain from sitting for too long.  Tr. 45; *see also* Tr. 69-70.

Although no evidence referenced a sit/stand option with the exact specificity that the ALJ found, the ALJ could reasonably derive that limitation from Plaintiff's stated testimony and needs. The ALJ's reasoning is similar to that which the Second Circuit approved in *Johnson v. Colvin*, 669 F. App'x 44 (2d Cir. 2016) (summary order). There, the ALJ concluded that the claimant could perform work at a "slightly slower than average pace," which the ALJ reduced to a percentage of "no more than 10% slower than average." *Johnson*, 669 F. App'x at 47. The Second Circuit noted that substantial evidence supported the ALJ's conclusion that the claimant performed at a slightly slower than average pace, and it rejected the claimant's argument that the "10%" finding was too specific. *See id.* The court reasoned that, even without evidence identifying a specific percentage, the ALJ could reasonably assign that "particular percentage range" as a means to "illustrate [the claimant's] limitation." *Id.* In this case, Plaintiff's own testimony supports the ALJ's finding that Plaintiff needed the "option to stand and stretch one or two times an hour." Tr. 66. The ALJ reasonably reduced that finding to a more specific amount in order to properly convey Plaintiff's limitation and give the vocational expert sufficient information to determine whether Plaintiff could obtain work in the national economy. *See* Tr. 65-66. Following *Johnson*, this Court concludes that Plaintiff's argument does not merit relief.

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 11) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is DENIED. The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: January 10, 2024
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York